4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley JONES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2393.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 E.D.Mich., No. 91-71405, Hackett, J.
 E.D.Mich.
 AFFIRMED.
 BEFORE: MARTIN and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying the relief sought in a motion to vacate filed under 28 U.S.C. Sec. 2255. Stanley Jones pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1), and four counts of distribution of a mixture containing cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Jones to five concurrent sixty-three month terms of incarceration. Jones did not take a direct appeal from this judgment.
 
 
 3
 Jones subsequently filed a motion to vacate sentence under Sec. 2255. The government responded and the district court dismissed the motion. This appeal followed. The parties have briefed the issues; Jones is proceeding without benefit of counsel.
 
 
 4
 Upon consideration, we find no reversible error in the proceedings on review. Jones was apparently arrested after selling crack cocaine to police officers on more than one occasion. Police entered Jones's residence to execute a search warrant and, while placing Jones under arrest, discovered several guns in the house. Several of the guns were found in a locked closet. Jones later pleaded guilty to five counts of a seven count indictment and his sentence was based, in part, on the presence of the firearms at his residence. Jones did not pursue a direct appeal; he, instead, waited approximately five months and filed the motion to vacate before the court.
 
 
 5
 Jones seems to make five claims: 1) the police officers should not have searched the locked closet; 2) he should not have been charged with constructive possession of the weapons in the house; 3) the firearms were never shown to have traveled in interstate commerce; 4) there was insufficient evidence to support his conviction; and, 5) his trial counsel was ineffective for failing to contest the government's attribution of the firearms to Jones.
 
 
 6
 A valid guilty plea represents a break in the chain of events in the criminal process. A defendant who has entered a plea that is found to be valid may not thereafter challenge nonjurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 261-65 (1973). Jones does not contend that his guilty plea was invalid and it does not otherwise appear so. Therefore, his claims that the police officers should not have searched the locked closet, that he should not have been charged with constructive possession of the weapons in the house, that the firearms were never shown to have traveled in interstate commerce, and that there was insufficient evidence to support his conviction cannot be raised in his motion to vacate. Moreover, Jones is precluded from raising these four claims in a collateral attack after failing to raise them in a direct appeal absent a demonstration of cause for the omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 165-68 (1982). Thus, only the ineffective assistance of counsel claim was properly before the district court.
 
 
 7
 Jones's motion sets forth his argument that his trial counsel should have registered an objection to the sentence enhancement for possession of firearms in connection with the underlying offense. Jones bases this claim on the fact that some of the guns were apparently found in a locked basement closet. This argument is of no moment. A sentence enhancement under U.S.S.G. Sec. 2D1.1 (possession of a dangerous weapon during the commission of the offense) is applicable regardless of the "at hand" nature of the weapon. See United States v. McGhee, 882 F.2d 1095, 1099 (6th Cir.1989). Jones's counsel was not ineffective in failing to advance this argument or in failing to anticipate a change in the law in this regard. The motion lacks merit.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.